UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ZACHARY RICHARD ZELLERS,

    Plaintiff,

    v.

SONGTRUST MUSIC PUBLISHING,

    Defendant.

Case No. 3:25-CV-173-CCB-SJF

## OPINION AND ORDER

Zachary Richard Zellers filed a pro se complaint (ECF 1) and a motion for leave to proceed *in forma pauperis* (ECF 2) on February 25, 2025. Zellers' *in forma pauperis* motion, submitted on a standard *in forma pauperis* form, details that he has little income or assets. (ECF 2 at 1). In his complaint, Zellers alleges that he has not been paid by his previous publisher, Songtrust Music Publishing ("Songtrust"), for his music being streamed. (ECF 1 at 2). Zellers attached a "Distributor Cue/Royalty Sheet" and an agreement between him and his new publisher who is currently responsible for streaming his music. (*Id.* at 2); (ECF 4). He says that he is unable to provide the Court with the agreement he had with Songtrust because he "can't get in touch with them," but he is unsure whether Songtrust or his new publisher "has to pay" him. (ECF 1 at 2-3). For relief, he is asking that Songtrust pay him the royalties he believes he is owed. (*Id.* at 3).

Pursuant to 28 U.S.C. § 1915(a)(1), the Court "may authorize the commencement [of a civil lawsuit] without pre-payment of fees [if] the person is unable to pay such

fees….″ A person is unable to pay the filing fee if "because of [their] poverty [doing so would] result in the inability to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotations omitted).

When deciding whether to grant *in forma pauperis* status to a plaintiff, the Court must determine whether his complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). The Court has "ample authority to dismiss frivolous or transparently defective suits spontaneously." *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).

The Court construes Zellers' motion liberally but cannot exempt him from the applicable rules of procedure including Fed. R. Civ. P. 8(a)(1), which requires that complaints contain "a short and plain statement of grounds for the court's jurisdiction." *See Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). Jurisdiction "must be alleged affirmatively and distinctly and cannot be established 'argumentatively or by mere inference.'" *McCready v. eBay, Inc.*, 453 F.3d 882, 890 (7th Cir. 2006).

Federal district courts have original jurisdiction over federal question cases—that is, "civil actions arising under the Constitution, laws, or treaties of the United States"—and diversity jurisdiction over lawsuits brought by citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. Zellers' complaint alleges an Indiana address for himself and a New York address for Songtrust. This implies, without presenting the necessary supporting facts, that the parties have diverse

citizenship. However, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). For individuals like Zellers, "residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). Therefore, the addresses alleged for Zeller and Songtrust establish neither their citizenship nor diversity-based subject matter jurisdiction.

Zellers' complaint also fails to establish the amount in controversy requirement. For diversity jurisdiction, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. "Normally, a plaintiff can meet this pleading requirement by simply alleging a plausible amount in controversy." *Ware v. Best Buy Stores, L.P.*, 6 F.4th 726, 732 (7th Cir. 2021). Zellers alleges that he is owed "approximately 1,400,000 in unpaid music royalties" and provided the Court with a "Distributor Cue/Royalty Sheet." (ECF 4). The "Distributor Cue/Royalty Sheet" lists his music that was streamed and the revenue associated with each stream in a chart spanning 76-pages. (*Id.*). The amounts listed in the revenue category are virtually all less than a cent, thus Zellers has not alleged a plausible amount in controversy that exceeds the $75,000 requirement. (*Id.*).

Federal question jurisdiction in this case is also unclear. "A district court has federal question jurisdiction only if the complaint shows, on its face, that a federal claim is 'sufficiently substantial.'" *Johnson v. Orr*, 551 F.3d 564, 570 (7th Cir. 2008) (quoting *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1256 (7th Cir. 1995)). Construed liberally,

3

Zellers' complaint seems to allege breach of contract claims, which arise under state law, not "the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. The facts alleged are thus not enough to state a federal claim that is sufficiently substantial. Zellers has therefore not established jurisdiction as required.

Even if Zellers had established the necessary jurisdiction, his complaint does not state a claim for relief. Fed. R. Civ. P. 8(a)(2) requires that complaints contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Zellers alleges that Songtrust owes him money for streaming his music but then also states that he is unclear whether Songtrust or a third party "has to pay" him. (ECF 1 at 2-3). He also does not provide any facts as to what agreement he and Songtrust had, if any. All he alleges is that he thinks Songtrust, or maybe his new publisher, owes him money. Therefore, he has stated only a speculative claim, not a plausible one, and his complaint cannot survive.

Accordingly, Zellers' motion to proceed *in forma pauperis* is **DENIED**. (ECF 2). He may file an amended complaint to comply with the federal rules and refile a motion to proceed *in forma pauperis* by **September 15, 2025**. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). Any amended complaint must plead sufficient facts to allow the Court and Songtrust to understand there is jurisdiction over Zellers' claims. Additionally, any amended complaint must allege all facts regarding the events underlying Zellers' claims, including what agreement he allegedly had with Songtrust

4

to be paid for his music. In other words, the amended complaint must plead sufficient facts to allow the Court and Songtrust to understand there is a plausible claim. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. Failure to comply with this deadline, plead federal jurisdiction, state a plausible claim, pay the filing fee or file for *in forma pauperis* status, or file a rule-compliant complaint will result in the dismissal of Zellers' case without further notice. *See Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).

Zellers also filed a motion to seal on February 25, 2025. (ECF 3). In the motion to seal, he states he "would not want information like this to be public as it has very valuable private information on it related to [his] business income." (*Id.*). Zellers is **ORDERED** to file an amended motion to seal by **September 1, 2025** explaining in more detail why the document titled "Distributor Cue/Royalty Sheet" should be sealed. The pending motion to seal is **DENIED**, but the document will remain sealed pending an amended motion to seal. (ECF 3).

SO ORDERED on August 15, 2025.

    /s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT