UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ZACHARY RICHARD ZELLERS,<br><br>Plaintiff,<br><br>v.<br><br>SONGTRUST MUSIC PUBLISHING,<br><br>Defendant. | Case No. 3:25-CV-173-CCB-SJF |

**OPINION AND ORDER**

Before the Court is Plaintiff's Motion for Miscellaneous Relief filed on March 16, 2026. Among other things, Plaintiff seeks, for a second time, to reopen the case in light of new information. (ECF 33). The Court now rules.

## I. BACKGROUND

To provide context for the Court's disposition, the following procedural history is relevant. After two unsuccessful attempts to proceed *in forma pauperis*, which included several sealed filings, the Court dismissed Plaintiff's case on September 5, 2025, citing a lack of jurisdiction and failure to plausibly state a claim. (ECF 13; 14). Additionally, the Court advised Plaintiff regarding the process and legal standard for maintaining court filings under seal. (ECF 13 at 4).

Five days later, Plaintiff filed a letter containing a handwritten "Motion to Reopen Case." (ECF 15). In conjunction with the letter, Plaintiff filed another document under seal that contained several copyright registrations. (ECF 16). The Court construed the letter and the accompanying document as a motion for reconsideration, which it

denied on October 14, 2025. (ECF 18). The Court explained that Plaintiff did not (1) challenge the basis for the initial dismissal, (2) explain why additional evidence supporting jurisdiction or the relief sought could not have been raised earlier, and (3) present other facts to suggest that he was plausibly entitled to relief. (*Id.* at 2). The Court again emphasized the legal standards and procedure of sealed filings and ordered Plaintiff to show cause for maintaining his previous filings under seal. (ECF 18 at 2–3).

Plaintiff filed a timely response to the show cause order (ECF 19), along with a supporting document styled as a "Motion to Keep Documents Sealed." (ECF 20). In those filings, Plaintiff asserted that the sealed documents contained financial and personal information that could "destroy [his] companies [sic] reputation by exposing [his] income [and] sources of pay and agreements between companies for [his] music." (ECF 19 at 1; see also ECF 20). Additionally, one of Plaintiff's filings contained a request for "a writ of certiorari for this case." (ECF 19). On November 5, 2025, the Court granted the motion in part as to the financial and personal records. (ECF 1–2). But it unsealed the remaining portions containing the Certificates of Registration from the United States Copyright Office, as they were "already part of the public record in the Copyright Office." (*Id.*). The Court then construed the request for certiorari as a "Notice of Appeal" and directed the Clerk to docket the filing as such. (*Id.* at 2).

Plaintiff then filed a Motion for Leave to Proceed on Appeal *in forma pauperis* on December 30, 2025, however, this Court denied the motion on the grounds that the appeal was "not taken in good faith." (ECF 30; *see* ECF 13). The Court of Appeals

subsequently dismissed Plaintiff's appeal on February 13, 2026, for failure to timely pay the required docketing fee, pursuant to Seventh Circuit Rule 3(b). (ECF 32).

On March 16, 2026, the Court received a letter signed by Plaintiff containing three motions for miscellaneous relief. (ECF 33). These included (1) a "Motion to Reopen Case," (2) a "Motion for Appointment of an Independent Investigator," and (3) a "Motion to Seal Exhibit with this letter." (*Id.*). In support of these motions, Plaintiff asserts that he received additional information to suggest his claims against Songtrust "may not be isolated" and that others may have experienced "similar" discrepancies in royalty payments. (*Id.*).

## II. Analysis

Like Plaintiff's first motion to reopen the case, the Court will construe the instant "Motion to Reopen Case" as a Motion for Reconsideration. As more than 28 days have passed since the Court dismissed this case, the Court will consider the Motion under Rule 60(b). *Word Seed Church v. Vill. of Homewood*, 43 F.4th 688, 690 (7th Cir. 2022). Under Rule 60(b), a "court may relieve a party . . . from a final judgment" based upon "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). Relief under this rule serves a "limited function," that is "to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quotation omitted). Thus, movants may not simply rehash "previously rejected arguments" or argue "matters that could have been heard

during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

As with Plaintiff's first motion for reconsideration, Plaintiff's instant Motion does not alleviate the Court's jurisdictional and pleading concerns that warranted dismissal. Instead, he presents a single screenshot of a direct-message exchange between himself and an unidentified person who is supposedly considering filing suit against Songtrust as well. (ECF 34). While Plaintiff asserts this message supports a belief that Songtrust's alleged conduct is not isolated to his case, the Court is not so convinced. The message only generally speaks of an unidentified person's desire to sue Songtrust. It contains no details as to what allegations that person might levy against Songtrust, nor does it contain other information to raise Plaintiff's claims from mere conclusory allegations to plausible claims for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In short, this "newly discovered evidence" does nothing to suggest the Court erred in its earlier dismissal. Accordingly, Plaintiff's motion to reopen this case is **DENIED**. (ECF 33).

Plaintiff next requests that this Court appoint "an independent investigator to review the matter and determine whether improper withholding or misallocation of royalties has occurred." (*Id.*). To the extent that Plaintiff seeks the appointment of an independent investigator to undertake discovery, the instant motion cites no legal authority suggesting that the Court may do so. Indeed, nothing in the Federal Rules of Civil Procedure, United States Code, or Seventh Circuit precedent empower the courts to finance the costs associated with civil litigation. *Nail v. Gutierrez*, No. 1:06-CV-292,

2007 WL 4255535, at *1 (N.D. Ind. Nov. 30, 2007); *Stapleton v. Santos*, No. 21-C-124, 2022 WL 137853, at *2 (E.D. Wis. Jan. 14, 2022) ("Courts cannot finance a party's discovery, nor can they place the financial burden of discovery on non-party individuals or on the opposing party."). Without such authority, Plaintiff's Motion for Appointment of an Independent Investigator is **DENIED**.

Finally, for the third time, Plaintiff is reminded of the appropriate process and legal standard for maintaining court filings under seal. (*See* ECF 13 at 4; 18 at 2–3). A general presumption exists within the Seventh Circuit that judicial records are public. *Citizens First Nat'l Bank v. Cincinnati Ins.*, 178 F.3d 943, 945 (7th Cir. 1999). That presumption "can be overridden" by "the property and privacy interests of the litigants . . . if the latter interests predominate in the particular case" such that "there is good cause for sealing a part of the whole record." *Id.*

In this case, the Court's orders have made it clear that Plaintiff must move to file documents under seal accompanied by sufficient justification to show that good cause exists to maintain them under seal. While Plaintiff filed a motion to maintain the screenshotted message under seal, he failed to raise any argument to justify why it must remain under seal. And even if he had, the sealed exhibit does not contain any personal, financial, or confidential legal information that would constitute good cause under *Citizens*. 178 F.3d at 945. Without good cause pled or shown, Plaintiff's Motion to Seal Exhibit is **DENIED**. Accordingly, the Clerk is **DIRECTED** to unseal ECF 34.

## CONCLUSION

For the reasons stated above, the Court:

(1) **DENIES** Plaintiff's Second Motion to Reopen Case;

(2) **DENIES** Plaintiff's Motion for Appointment of an Independent Investigator;

(3) **DENIES** Plaintiff's Motion to Seal Exhibit; and

(4) **DIRECTS** the Clerk to unseal ECF 34.

SO ORDERED on October 2, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT